UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-509 |
| | ) |
| UNITED ANIMAL HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Deborah Stevenson ("Plaintiff" or "Stevenson"), brings this action against Defendant United Animal Health, Inc., ("Defendant" or "UAH") in violation of her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans With Disabilities Act ("ADA").

## PARTIES

2. Stevenson resides within and is a citizen of the State of Indiana.

3. Defendant is a corporation organized under the laws of the State of Indiana with its principal place of business in Sheridan, Hamilton County, Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on the Court by 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 42 U.S.C. § 12117.

5. Defendant is an employer as defined by 42 U.S. Code § 2000e(b) subject to Title VII.

6. Stevenson was an employee of Defendant as defined by 42 U.S. Code § 2000e(f).

7. Defendant is a covered entity and employer under the ADA as defined by 42 U.S.C.

§12111(2) and (5).

8. Stevenson is a qualified individual under the ADA as defined by 42 U.S.C. §12111(8).

9. Stevenson satisfied the obligation to exhaust administrative remedies with respect to Title VII and ADA claims for relief, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice and Stevenson now timely files suit.

10. Venue is proper in this Court and the Indianapolis Division thereof as Defendant is located in Hamilton County, Indiana.

## FACTUAL ALLEGATIONS

11. Stevenson is a female. Stevenson has been subjected to a hostile work environment, discrimination in terms and conditions of employment, retaliation, and constructive discharge due to her sex and/or perception of disability as set forth below.

12. Stevenson was hired as a Research Coordinator by UAH in or about August 2017. Stevenson worked at a swine research farm and was responsible for implementing nutritional research protocols.

13. At the time Stevenson was hired, UAH had two swine research farms near Frankfort, Indiana. Stevenson was hired to work at the Burton Russell farm. When hired, Stevenson was told by the hiring decision-maker, Eric Freeman, that she would not have to work under Neil Jackson ("Jackson"), who was at the other farm. Based on the substance of the conversation, Stevenson understood that others had experienced discrimination and/or hostility from Jackson previously.

14. UAH subsequently merged its two research farms, and Stevenson began working under

Jackson, who was a manager of the combined facility after the merger.

15. In or about April 2020, Jackson began an ongoing campaign of harassment and bullying towards Stevenson. This began with Jackson confronting Stevenson on the job, screaming, berating, and using profanity. Stevenson attempted to avoid Jackson in the weeks that followed, but this only seemed to enrage Jackson, who directed additional similar tirades toward her during that time. Jackson did not behave in this fashion toward male employees he supervised.

16. In or about May 2020, these confrontations were the subject of a meeting involving Stevenson, Jackson, and Greg Krahn, who was the overall farm supervisor at the time. Subsequent to the meeting, Jackson became facially more civil toward Stevenson for a short period of time before resuming hostility.

17. Jackson's conduct escalated significantly in or around August 2021, when Jackson began targeting Stevenson with slurs based on her sex. Beginning around that time, Stevenson began overhearing Jackson refer to her as a "bitch" when talking with other employees within earshot. This conduct became more frequent over time. In subsequent months, Jackson escalated his conduct further by calling Stevenson a "bitch" to her face. By the spring of 2022, Stevenson's regular first daily interaction with Jackson was him blatantly excluding her in the daily plans or making comments asking if she was "bitchy." During this time, Jackson made concerted efforts to undermine Stevenson's authority with the staff she supervised. Jackson encouraged these staff to ignore directions from Stevenson and sought to diminish her authority by making statements such as "Debbie is bitching again" and by otherwise openly questioning Stevenson's authority. Jackson did not direct

any similar behavior to male employees he supervised.

18. At all relevant times, Jackson has also fostered a sexually-charged workplace environment that was hostile to women. Jackson regularly and openly made sexually explicit or suggestive jokes and comments and encouraged other male employees to do the same. From in or around August 2021, this conduct increased in frequency.

19. At all relevant times, UAH, through Jackson, discriminated against Stevenson and other women in terms and conditions of employment aside from a hostile work environment. Jackson regularly allowed male employees to violate policy and take meal breaks of 60 to 90 minutes or more while Stevenson and other female employees took breaks of 30 minutes. In addition, in assigning weekend work, Jackson assigned the weekends with the lightest workloads to male employees and those with the heaviest workloads to Stevenson.

20. Stevenson repeatedly reported Jackson's conduct to Dana Obuch ("Obuch") in HR, both face-to-face and in calls and email, including in or about April and May 2022. In April 2022, Stevenson emailed Obuch and requested a transfer off of the farm due to Jackson's continuing conduct and the hostile work environment. In her email response, Obuch stated that she was "concerned about [Stevenson's] mental health."

21. Subsequent to the April call with Obuch, Stevenson was not offered a transfer to another research farm despite an open position and being more than qualified for the job. Stevenson is informed and believes she was more qualified than the person who was offered the job, but was not offered the transfer in retaliation for her reports of discrimination and hostile work environment and/or UAH's perception that she was

disabled (Obuch "concerned about [her] mental health).

22. On or about May 20, 2022, Stevenson spoke with Obuch again about Jackson's conduct, discrimination, and the hostile environment. Stevenson said that she "couldn't take it anymore" and advised that she would be willing to return after her long scheduled vacation to fulfill the full two week notice. On or about May 24, 2022, Stevenson advised Jackson that she was resigning effective June 17, 2022, due to the ongoing harassment from Jackson. On May 31, 2022, Obuch came to the farm for an unscheduled meeting and strongly suggested Stevenson take paid leave immediately, and if not immediately she would not be allowed back after vacation.

23. Stevenson was constructively discharged by UAH due to UAH's failure to correct discrimination and harassment despite UAH's knowledge of same. UAH, through Jackson, instead retaliated against Stevenson by making the situation worse after Stevenson complained. Stevenson reported hostile working conditions based on sex repeatedly throughout the years, both formally and informally, but the conditions only become worse, not better.

24. Stevenson's work performance met or exceeded UAH's legitimate expectations at all relevant times.

25. The recitation of events herein is not exhaustive. Stevenson was subjected to daily hostility and discrimination based on her sex such that it would be impossible to list every time she was subject to conduct of the nature set forth herein.

26. Stevenson has suffered damages as a result of the UAH's unlawful actions, including, but not limited to, lost wages and emotional distress.

## COUNT I

### Sex Discrimination – Title VII

27. Stevenson hereby realleges and incorporates paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Defendant took adverse employment actions and discriminated in terms and conditions of employment against Stevenson in violation of Title VII because of sex.

29. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevenson's rights.

30. Stevenson has been damaged as a result of Defendant's conduct.

31. Wherefore Stevenson requests relief as set forth below.

## COUNT II

### Disability Discrimination – ADA

32. Stevenson hereby realleges and incorporates paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Defendant took adverse employment actions and discriminated in terms and conditions of employment against Stevenson in violation of the ADA because it regarded Stevenson as disabled.

34. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevenson's rights.

35. Stevenson has been damaged as a result of Defendant's conduct.

36. Wherefore Stevenson requests relief as set forth below.

## COUNT III

### Retaliation – Title VII

37. Stevenson hereby realleges and incorporates paragraphs 1-36 of this Complaint as if fully set forth herein.

38. Defendant took adverse employment actions and discriminated in terms and conditions of employment against Stevenson because of and in retaliation for her statutorily protected complaints of sex discrimination and harassment against her supervisor, Neil Jackson.

39. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Stevenson's rights.

40. Stevenson has been damaged as a result of Defendant's conduct.

41. Wherefore Stevenson requests relief as set forth below.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Deborah Stevenson, by counsel, respectfully requests that the Court find in Plaintiff's favor and order that:

1. Defendant reinstate Stevenson to the same position, salary, and seniority, or pay front pay and benefits to in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Stevenson;

3. Defendant pay compensatory and punitive damages to Stevenson;

5. Defendant pay pre- and post-judgment interest to Stevenson;

6. Defendant pay Stevenson's attorneys' fees and costs incurred in litigating the action; and

7. Defendant pay to Stevenson any and all other legal and/or equitable damages that

the Court determines appropriate and just to grant.

                                              Respectfully submitted,

                                              John H. Haskin, Attorney No. 7576-49
                                              Chad M. Buell, Attorney No. 20044-49
                                              JOHN H. HASKIN & ASSOCIATES
                                              255 North Alabama Street, 2nd Floor
                                              Indianapolis, Indiana  46204
                                              Telephone:     (317)955-9500
                                              Facsimile:      (317)955-2570
                                              Email:             jhaskin@jhaskinlaw.com
                                              Email:             cbuell@jhaskinlaw.com
                                              Counsel for Plaintiff, Deborah Stevenson

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

                                              Respectfully submitted,

                                              John H. Haskin, Attorney No. 7576-49
                                              Chad M. Buell, Attorney No. 20044-49
                                              JOHN H. HASKIN & ASSOCIATES
                                              255 North Alabama Street, 2nd Floor
                                              Indianapolis, Indiana  46204
                                              Telephone:     (317)955-9500
                                              Facsimile:      (317)955-2570
                                              Email:             jhaskin@jhaskinlaw.com
                                              Email:             cbuell@jhaskinlaw.com
                                              Counsel for Plaintiff, Deborah Stevenson