UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH STEVENSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00509-TWP-CSW |
| UNITED ANIMAL HEALTH, INC., | ) ) ) |
| Defendant. | ) ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR LEAVE TO FILE REPLY**

This matter is before the Court on Defendant United Animal Health, Inc.'s ("UAH") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Filing No. 26) and Motion for Leave to File Reply (Filing No. 34). Plaintiff Deborah Stevenson ("Stevenson") alleges in her Amended Complaint (Filing No. 22) that her former employer, UAH violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") and the conditions were so intolerable that she was forced to resign. For the reasons explained below, UAH's Motion for Leave to File Reply is **granted**, and the Motion to Dismiss is **granted in part and denied in part.**

**I.      BACKGROUND**

The facts stated below are not necessarily objectively true, but for the purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Amended Complaint and draw all references in the light most favorable to Stevenson as the non-moving party. *Covington Court, Ltd. v. Village of Oak Brook,* 77 F.3d 177, 178 (7th Cir. 1996).

Stevenson, a female, was hired at UAH in August 2017 as a Research Coordinator and was responsible for implementing nutritional research protocols. (Filing No. 22 at 2). After UAH

merged its two research farms, Stevenson began working under the management of Neil Jackson ("Jackson").  *Id.*  In approximately April 2020, Jackson began an ongoing campaign of harassing and bullying Stevenson (Filing No. 22 at 3).  Jackson would scream, berate, and use profanity towards Stevenson, but did not display this behavior toward the male employees he supervised. *Id*.  Stevenson promptly contacted the overall supervisor, Greg Krahn ("Krahn"), and in May 2020 a meeting was held with Stevenson, Jackson, and Krahn.  *Id.* Following the meeting, Jackson became more civil towards Stevenson for a brief period.  *Id.*

By August 2021, Jackson's conduct had become aggressively worse.  *Id.* Jackson would often refer to Stevenson as a "bitch" to her face and when talking to others. (Filing No. 22 at 4.) Jackson encouraged other staff members to ignore directions from Stevenson and made statements such as "Debbie is bitching again." *Id*. By the Spring of 2022, Stevenson's regular first daily interaction with Jackson was him blatantly excluding her in the daily plans and making comments asking if she was "bitchy." *Id* at 4. This behavior of Jackson was only directed towards Stevenson; no male employee Jackson supervised was subjected to this treatment.  *Id.*

Additionally, Jackson fostered a sexually charged workplace environment that was hostile to women with explicit and sexually suggestive jokes, and he encouraged other male employees to do the same. *Id*.  Female employees who participated in inappropriate sexual jokes with Jackson were treated more favorably.  *Id*.  In August 2021, Caitlyn McConn ("McConn") was hired and placed under the supervision of Stevenson.  *Id*.  McConn would joke with Jackson and once "grabbed her breasts in front of Jackson and referred to them as her "money makers." *Id*.  Jackson seemed to enjoy the conversations with McConn, and they became friends.  *Id*.  Jackson failed to penalize male employees who bothered Stevenson. Dave Hess ("Hess"), a maintenance worker at UAH told Stevenson she was "living in sin" and repeatedly called her a "fornicator".  Further, he

refused to deliver packages to Stevenson as he had before, and as he continued to do for other workers, and Jackson never addressed these issues. (Filing No. 22 at 6.)

Outside of the hostile work environment Stevenson endured, she was also discriminated against in terms of conditions of employment. (Filing No. 22 at 4.) Stevenson was only allowed 30 minutes for lunch breaks while male employees were allowed to violate policy, taking breaks more than 60 minutes. *Id*. Stevenson was always scheduled to work the weekends with the heaviest workload (Filing No. 22 at 5). Farm employees had the responsibility of caring for live animals. *Id*. Out of a 10-week pig weaning rotation period, the first few weeks were the hardest. *Id*. Stevenson and Judy Vester (another female employee) would be assigned weeks one to three with male employees being scheduled for weeks four to ten, the weekends with the easiest workloads. *Id.*

Stevenson reported the hostile working conditions to Dana Obuch ("Obuch") who worked in Human Resources (Filing No. 22 at 5). She reported her concerns via calls, email, and in-person conversations. *Id*. In one email, Stevenson requested to be transferred from the farm due to Jackson's conduct. Obuch denied the transfer and stated she was "concerned about [Stevenson's] well-being," and indicated "the stress of work can impact health*.*" Stevenson believes the transfer was denied as retaliation because she had complained about discrimination and the hostile work environment. *Id.* In January 2020, Stevenson was an inpatient at a mental health facility. Obuch was aware of this because Stevenson was required provide a return-to-work doctor's note when she returned from the inpatient mental health facility. *Id*. Stevenson believes UAH perceived her to be disabled given Obuch's concern for her well-being.

On May 20, 2022, Stevenson spoke with Obuch again about Jackson's conduct, discrimination, and the hostile environment, and explained that she "couldn't take it anymore," and

3

would be willing to return after her long-scheduled vacation to fulfill the full two-week notice. *Id*. at 6. On May 24, 2022, she informed Obuch that she would be resigning effective June 17, 2022, *Id*. On May 31, 2022, Obuch visited the farm for an "unscheduled meeting" and "strongly suggested Stevenson take paid leave immediately, and if not immediately she would not be allowed back after vacation." *Id*. Stevenson alleges that she was constructively discharged by UAH due to its failure to correct discrimination and harassment despite UAH's knowledge of the same. *Id*. Stevenson's work performance met or exceeded UAH's legitimate expectations at all relevant times. *Id*. at 7. She seeks damages for the lost wages and emotional distress that she suffered.

Stevenson filed her Charge of Discrimination with the Equal Employment Opportunity Commission on June 15, 2022, and on December 26, 2022, the EEOC issued her right to sue letter. (Filing No. 27-1, Filing No. 27-2). She initiated this action on March 22, 2023 (Filing No. 1). UAH filed a Motion to Dismiss on May 17, 2023, asserting Stevenson failed to state a claim upon which relief could be granted (Filing No. 12). On June 20, 2023, Stevenson filed the operative Amended Complaint, and on July 26, 2023, UAH moved to dismiss alleging similar deficiencies in Stevenson's Amended Complaint (Filing No. 26).

Stevenson filed a Response in Opposition on August 30, 2023 (Filing No. 32). UAH's Reply was due on September 6, 2023, but due to a calendaring error made by counsel, UAH did not submit its Reply Brief by the deadline. UAH then filed a Motion for Leave to File Reply on September 13, 2023, noting their error, and attached the proposed reply as an exhibit (Filing No. 34-1). Stevenson verbally objected to UAH's Motion during communication with UAH counsel (Filing No. 34 at 2).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* "[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. <u>DISCUSSION</u>

Stevenson brings three claims in her Amended Complaint, Count I: Sex Discrimination—Title VII; Count II: Disability Discrimination—ADA; and Count III: Retaliation—Title VII. UAH

contends the Amended Complaint offers nothing more than conclusory assertions to support Stevenson's claims and "Stevenson improperly relies upon allegations that are beyond the scope of her underlying charge of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC")". The Court will resolve UAH's motion to file a belated reply, before turning to its motion to dismiss.

A. **Motion for Leave to File Reply**

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B). The courts have not created a general rule as to what constitutes excusable neglect; as such, each case must be determined by looking at the particular set of facts presented. *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 388 (1993) (noting excusable neglect can include late filings which are caused by inadvertence, mistake, or carelessness).

In *Boctking*, the court set aside an entry of default when defendants showed their failure to answer within sixty days was due to a calendaring error in which they believed they had one more month to file. *Boctking v. United States*, No. 3:10-CV-10-RLY-WGH, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010). The court noted defendants' explanation showed the failure to respond was inadvertent and they were not purposefully ignoring filing deadlines. *Id.*; *See also Mosley ex rel. Est. of Mosley v. Troyer*, No. 1:13-CV-345, 2014 WL 2206355, at *2 (N.D. Ind. May 27, 2014) (granting a motion to extend when plaintiff missed a deadline by less than two weeks due to a calendaring error).

Here, UAH filed its Motion for Leave to File Reply one week after the deadline. The error was due to a calendaring mistake in which counsel promptly noticed. The length of delay was

minimal, Stevenson fails to note any prejudice she would face by the Court granting the motion, and no danger of prejudice is apparent to this Court. Accordingly, UAH has shown the missed deadline was the result of excusable neglect and their Motion for Leave to File is **granted**.

### B.       Stevenson's Claims under Title VII (Count I and Count III)

Stevenson alleges that UAH, by and through its employee Jackson, fostered a sexually charged workplace environment, she was discriminated against because of her sex and regarded disability, retaliated against for complaining, and the environment that was so hostile that she felt compelled to resign. In reviewing the adequacy of her Amended Complaint, the Court must determine if it alleges enough facts to state a claim for relief that is plausible on its face.

#### 1.       Sex Discrimination

Under Title VII, an employer may not discriminate on the basis of sex. 42 U.S.C. § 2000e-2(a). The Amended Complaint sufficiently pleads that Stevenson, a female, is a member of a protected class under Title VII, her work performance met or exceeded UAH's legitimate expectations, and Stevenson was treated less favorably than similarly situated male employees. UAH contends however, that that Stevenson has failed to properly allege that her employer instituted a specific adverse action against her on the basis of her sex.

To state a claim of sex discrimination under Title VII, Stevenson must allege "that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Luevano v. Wal-Mart Stores, Inc*. 722 F.3d 1014, 1028 (7th Cir. 2013). However, the "Supreme Court has made clear that the pleading standards in Title VII cases are different from the evidentiary burden a plaintiff must subsequently meet when using the method of indirect proof under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Id*. "An adverse employment action is "a materially adverse change in the terms and

7

conditions of employment [that is] more disruptive than a mere inconvenience or an alteration of job responsibilities." *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1001 (7th Cir. 2000).

UAH points out that actions that classify as an adverse employment action are: (1) diminishing an "employee's compensation, fringe benefits, or other financial terms of employment," including termination; (2) reducing long-term career prospects "by preventing him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted"; and (3) changing "the conditions in which [an employee] works ... in a way that subjects him to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017).

UAH seeks dismissal of this claim asserting the Amended Complaint fails to state any adverse employment action taken by UAH. Stevenson alleges that UAH made her work the weekends with the heaviest workload and only allowed her to take 30-minute lunch breaks compared to male employees who worked the weekends with the easiest workloads and took 60 minutes or more for meal breaks. UAH argues the responsibilities of pig weaning, even on the weekends, were within Stevenson's expected job responsibilities and does not classify as an adverse employment action. In support of their position, UAH cites to several cases, including *Taylor v. Liberty Vill. Manor Ct.*, No. 21-CV-2053, 2021 WL 3604512, at *3 (C.D. Ill. Aug. 13, 2021) (holding working weekends and through lunch was not an adverse employment action because it did not harm plaintiff financially, it did not harm their career aspirations, and it did not subject them to humiliating, degrading, unsafe, or otherwise unhealthy working conditions). The Court notes that several of the cases cited by UAH in their briefing involved a decision rendered

8

on a summary judgment motion, which employs a vastly different standard than required when considering a motion to dismiss.

In response, Stevenson cites to *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, (2002); in which the United States Supreme Court explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz* at 512. Stevenson argues at this stage, she need not plead all the elements of a prima facie case of discrimination in order to survive a motion to dismiss. In the context of a discrimination suit, "[t]he prima facie case... is an evidentiary standard, not a pleading requirement." *Swierkiewicz at* 510. She points out that "even post-Twombly, it has been noted that a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009); *EEOC v. Concentra Health Servs*., 496 F.3d 773, 781 (7th Cir. 2007).

The Seventh Circuit notes that "[t]here is undoubtedly tension between *Swierkiewicz* and later decisions, such as *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). But neither *Iqbal* nor *Twombly* overrules *Swierkiewicz,* and our duty is to apply the Supreme Court's precedents unless the Justices themselves inter them. See, e.g., *State Oil Co. v. Khan,* 522 U.S. 3, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997)." *Reynolds v. AAA Auto Club Enterprises*, 525 Fed. Appx. 488, 490 (7th Cir. 2013).

Under the 12(b)(6) standard, the Court finds that Stevenson's Amended Complaint adequately pleads a Title VII claim for discrimination. The Amended Complaint explicitly alleges that "Defendant took adverse employment actions and discriminated in terms and conditions of

9

employment against Stevenson in violation of Title VII because of sex." ([Filing No. 22 at 7](#) ¶ 33.) In addition to the allegations concerning more difficult workloads and assignments for women compared to men, the Amended Complaint alleges "the recitation of events herein is not exhaustive. Stevenson was subjected to daily hostility and discrimination based on her sex such that it would be impossible to list every time she was subject to conduct of the nature set forth herein." *Id*. at 7 ¶ 30. The Amended Complaint also alleges Stevenson's working conditions and the sex discrimination were so intolerable that she felt compelled to resign. This adequately pleads a discrimination claim under *Swierkiewicz*. The Court concludes that the Amended Complaint sufficiently pleads a sex discrimination claim against UAH and the motion to dismiss is **denied** as to the Title VII sex discrimination claim.

### 2. Hostile Work Environment

A hostile work environment exists where an employee experiences harassment based on her sex that is "so severe or pervasive as to alter the conditions of employment and create an abusive working environment." *Faragher v. City of Boca Raton,* 524 U.S. 775, 786 (1998). To survive dismissal on a hostile work environment claim, the plaintiff must allege (1) she was subject to unwelcome harassment; (2) the harassment was based on her sex; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Cooper–Schut v. Visteon Auto. Sys.,* 361 F.3d 421, 426 (7th Cir.2004). To rise to the level of a hostile work environment, conduct must be sufficiently severe or persuasive to alter the conditions of employment such that it creates an *abusive* relationship. *Alexander v. Casino Queen, Inc.,* 739 F.3d 972, 982 (7th Cir.2014). A workplace is subjectively offensive when the victim perceives it to be hostile or abusive, and a workplace is objectively offensive if a reasonable person would find

it to be hostile or abusive. *Faraagaher at* 786. To determine whether an environment is objectively hostile, the court must consider the totality of the circumstances, "including the frequency and severity of conduct, whether it is threatening and/or humiliating, or merely offensive, and whether the harassment unreasonably interferes with an employee's work." *Wyninger v. New Venture Gear, Inc.*, 361 F.3d 965, 975 (7th Cir. 2004).

At the 12(b)(6) stage of these proceedings, Stevenson has sufficiently stated a claim to show that she subjectively believed her work environment was hostile. The Amended Complaint alleges that Stevenson engaged in protected activity by filing EEOC charges and making internal complaints. In Stevenson's email to Obuch, she states that she has "persevered at the farm through poor management and *hostility*." (Filing No. 27-3 (emphasis added).) Stevenson also alleges that she communicated wanting to transfer from the farm due to the hostile work environment that existed. The Amended Complaint sufficiently alleges that Jackson's conduct was offensive, Stevenson believed the UAH workplace was abusive and hostile and Stevenson sufficiently alleges the workplace was objectively offensive. The "severe or pervasive" requirement for Title VII claims are disjunctive, not conjunctive; the standard may be met by a single extremely severe act or several less serious acts. *Robinson v. Perales*, 894 F.3d 818, 828 (7th Cir. 2018).

Stevenson alleges several instances where Jackson called her a "bitch" to her face or referred to her as acting "bitchy" when speaking with other employees. The Amended Complaint alleges that Jackson's behavior of name calling influenced other employees to act negatively towards Stevenson. Jackson encouraged employees to ignore directions from Stevenson and did not punish employees who treated Stevenson unfairly. (*See* Filing No. 22 at 6) ("Stevenson reported Hess's behavior to Jackson on multiple occasions but Jackson failed and refused to take any action or address the issue."). Stevenson's adequately alleges employer liability since her direct

11

supervisors harassed her. She alleges she was consistently harassed and bullied by Jackson from April 2020 through May 2022, when she resigned due to the hostile environment. Two years of harassment sufficiently alleges a hostile work environment at the motion to dismiss stage. *See Alamo*, 864 F.3d at 550 (stating harassment plaintiff faced between 2009 and 2011 was enough to demonstrate a "relentless pattern of lesser harassment" that could violate Title VII).

The Amended Complaint sufficiently pleads a hostile work environment claim against UAH and the motion to dismiss is **denied** as to the Title VII hostile work environment claim.

### 3. Constructive Discharge

A hostile work environment does not automatically result in a constructive discharge. *See Patton v. Keystone RV Co.*, 455 F.3d 812, 818 (7th Cir. 2006). The "working conditions for constructive discharge must be even more egregious than the high standard for hostile work environment because … an employee is expected to remain employed while seeking redress." *Robinson v. Sappington*, 351 F.3d 317, 336 (7th Cir. 2003). A constructive discharge occurs when, from the standpoint of a reasonable employee, an employer "makes employment so unbearable that an employee resigns...." *Id*. Constructive discharge may take two forms: "(1) an employee quits due to alleged discriminatory harassment, which requires the employee to establish that his working conditions were even more egregious than that required for a hostile work environment or (2) when the employer acts in a manner that communicates to a reasonable employee that his employment will be terminated." Stevenson alleges she was constructively discharged by "UAH's failure to correct discrimination and harassment"; thus, her claim falls under the first category of constructive discharge claims: egregious work conditions.

UAH cites to a series of case in support of the motion to dismiss:

> The employee "must allege that 'her working conditions were so objectively intolerable that they forced a change in employment status.'" *EEOC v. Costco*, 903

12

F.3d 618, 629 (7th Cir. 2018)). "The discriminatory harassment form of constructive discharge is only found in the most exceptional situations." *Schneider v. United States Postal Serv.*, 2022 U.S. Dist. LEXIS 15622, *29 (E.D. Wis. Jan. 28, 2022) (citing *Porter v. Erie Foods, Int'l Inc.*, 576 F.3d 629, 640 (7th Cir. 2009)). The Seventh Circuit generally has held that this form constructive discharge is found "when there is a threat to a plaintiff's personal safety." See *Chapin*, 621 F.3d at 679. See also, e.g., *Taylor v. W&S Life Ins. Co.,* 966 F.2d 1188, 1198-99 (7th Cir. 1992) (finding constructive discharge where supervisor brandished a firearm and held it to the plaintiff's head); *Brooms v. Regal Tube Co.*, 881 F.2d 412, 417 (7th Cir. 1989) (finding constructive discharge where employee's HR manager repeatedly showed her racist pornographic pictures, told her she was hired to perform the sex act depicted in the pictures, and threatened to kill her).

(Filing No. 27 at 14-15). But these cases instruct on the summary judgment standard. As noted earlier, a motion to dismiss employs a vastly different standard than required when considering a motion for summary judgment. To state a claim under *Twombly*, the Amended Complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and allege a right to relief that is above a speculative level. However, at this stage of the proceeding Stevenson does not have to establish the elements of a prima facie case, as she contends discovery will reveal evidence of the necessary element.

In her Response brief, Stevenson contends "the Amended Complaint describes how, overtime, the working conditions were so intolerable that the Plaintiff, a reasonable person felt compelled to resign." (Filing No. 32 at 3). Considering the totality of the circumstances described in the Amended Complaint, and accepting all of the allegations as true, Stevenson has sufficiently alleged that her work environment was so intolerable that she was forced to resign. She sufficiently describes pervasive and targeted negative treatment and hostility that would cause a reasonable person to feel that she must leave her place of employment to withstand a Rule 12(b)(6) dismissal. The constructive discharge allegations in the Amended Complaint are sufficient to state a claim upon which relief might be granted, so the motion to dismiss this claim is **denied**.

4. <u>**Retaliation**</u>

As noted by UAH, to succeed on a retaliation claim under Title VII, a plaintiff must allege: (1) she engaged in a protected activity, (2) she suffered adverse action, and (3) there was a causal connection between the protected activity and the adverse employment action. *Jones v. Mister "P" Express, Inc.*, U.S. Dist. LEXIS 112764, *16 (S.D. Ind. June 16, 2021) (citing *Wetzel v. Glen St. Andrew Living Community, LLC*, 901 F.3d 856, 868 (7th Cir. 2018)). An employee participates in a protected activity when they file an official complaint with an employer so long as it indicates discrimination on the basis of a protected class. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006); *see also Davis v. Time Warner Cable of Se. Wisconsin, L.P.*, 651 F.3d 664, 674 (7th Cir. 2011) ("An informal complaint may constitute protected activity for purposes of Title VII retaliation claims").

Stevenson's alleges that she participated in a protected activity when she repeatedly reported Jackson's conduct and spoke with Obuch about "Jackson's conduct, discrimination, and the hostile environment." (*See* Filing No. 22 at 5, 6). She alleges that she suffered an adverse action when she was not offered a transfer to a different research farm, and she alleges the transfer denial occurred because she reported discrimination and a hostile work environment. At the motion to dismiss stage this is sufficient evidence to demonstrate Stevenson participated in a protected activity and suffered an adverse action. However, the Amended Complaint fails to show there was a causal connection between Stevenson's filing of the complaints concerning Jackson's actions and the alleged retaliation.

UAH argues persuasively, that as pled, Stevenson's theory "cannot establish a retaliation claim on the independent basis that Stevenson is merely alleging that the same conduct giving rise to her discrimination claim (hostile work environment) was likewise retaliatory." (Filing No. 27 at 18. UAH sites to *McDonnell v. Cisneros*, 84 F.3d 256, (7th Cir. 1996). In *McDonnell*, the Seventh

Circuit found dismissal was appropriate where the allegedly retaliatory conduct was merely the continuation of the conduct giving rise to the complaints. See *McDonnell* at 259. ("The complaint shows that there was no causal connection between McDonnell's filing of the complaints and the alleged retaliation against her…. The allegedly retaliatory conduct was merely the continuation of the conduct giving rise to the complaints."); see also *Nance v. NBCUniversal Media*, LLC, 2018 U.S. Dist. LEXIS 61787, *13 (N.D. Ill. Apr. 12, 2018) (dismissing retaliation claim that was restatement of conduct comprising discrimination claim).

Since the Amended Complaint does not sufficiently plead a causal connection between the protected activity and alleged adverse employment action, UAH's motion to dismiss as to the retaliation claim is **granted**.

C. **Stevenson's Discrimination claim under the ADA**

The ADA prohibits discrimination against a qualified individual on the basis of a disability. 42 U.S.C. § 12112(a). She alleges that she is disabled within the meaning of the ADA because she is "regarded as" having a physical or mental impairment that substantially limits one or more of her major life activities. *See* 42 U.S.C. § 12102(1). An employee is "regarded as" disabled if "(1) [the employer] mistakenly believes that [the employee] has a physical impairment that substantially limits one or more major life activities, or (2) [the employer] mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Steffen v. Donahoe*, 680 F.3d 738, 745 (7th Cir. 2012). Stevenson alleges she was discriminated against when she not transferred to another farm, as requested, because she was regarded as having a disability as described in the ADA.

The Amended Complaint fails to plead any facts showing UAH regarded Stevenson as disabled. To show that UAH regarded Stevenson as disabled, the Amended Complaint references

15

the email sent by Obuch stating Obuch was "concerned about [Stevenson's] well being" noting "the stress of work can impact health." (*See* Filing No. 22 at 5.) This statement does not demonstrate that UAH believed Stevenson had any impairment that would limit a major life activity; the email merely shows a well-being check done by a supervisor to her supervisee. Moreover, the Amended Complaint does not allege any adverse actions taken by UAH showing they believed Stevenson was incapable of performing her work. Although she alleges UAH did not transfer Stevenson as she had hoped, the Amended Complaint shows that UAH allowed her to remain in her current position following the email thread. *See Kurowski v. Shinseki*, 557 Fed.Appx 549, 553 (7th Cir. 2014) (holding where an employer allowed an employee to continue full-time work, in their original position, the employer had not regarded the employee as disabled).

The Amended Complaint fails to allege the first, and most prominent, requirement of a disability claim--that Stevenson is an individual regarded as having a disability within the meaning of the ADA. Accordingly, UAH's Motion to Dismiss as to the ADA claim is **granted**.

### IV.  CONCLUSION

A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the reasons explained above, United Animal Health Inc.'s Motion to Dismiss Plaintiffs Amended Complaint (Filing No. 26) is **GRANTED in part and DENIED in part**. Dismissal is **granted** as to Counts II and III of the Amended Complaint and Stevenson's Disability Discrimination-ADA claim and Retaliation Claim-Title VII claims are **dismissed with prejudice**. Dismissal is **denied** as to Count I-Sex Discrimination-Title VII. Stevenson's sex discrimination, hostile work environment, and constructive discharge claims have

survived the initial hurdle of a motion to dismiss. Whether they can survive summary judgment is a matter for another day.

United Animal Health Inc.'s Motion for Leave to File Reply (Filing No. 34) is **GRANTED**.

**SO ORDERED.**

Date: 12/29/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Chad M. Buell
EMPLOYMENT LAW OFFICE OF JOHN H HASKIN & ASSOC LLC
cbuell@jhaskinlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES, LLC
jhaskin@jhaskinlaw.com

Michael A. Kreppein
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
michael.kreppein@wilsonelser.com

Philip G. Rizzo
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
philip.rizzo@wilsonelser.com